UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

**ANTHONY WILLIAMS,**
    Plaintiff,

v.

**NOAH POPE,** *et al.,*
    Defendants.

Case No. 1:25-cv-253-CLM

## MEMORANDUM OPINION

Anthony Williams sues Officers Noah Pope and Lucas Combs, and their employer, City of Rainsville, Alabama ("the City") under 42 U.S.C. § 1983 for falsely arresting Williams and using excessive force. Pope and Combs have answered Williams's claims, so those claims are not discussed further.

Williams sues the City on a theory of *Monell* liability. The City moves to dismiss Willaims' claims against it. (Doc. 5). For the reasons explained below, the court **GRANTS** the City's motion to dismiss, (doc. 5).

## BACKGROUND

Because the City seeks dismissal under Rule 12, the court recites the facts as Williams pleads them and accepts those facts as true.

—

On November 10, 2023, Williams was sitting in his car with his children at a service station. Williams saw Officers Pope and Combs enter and exit the service station and then disappear from Williams' line of sight. When the officers reappeared, Pope knocked on Williams' car window and ordered him to get out of his vehicle. Williams asked Pope why he was being ordered to get out of the car, and Pope replied that Williams had a warrant.

1

Williams alleges that Pope never requested identification from him and had no way of even knowing who Williams was to determine whether he had a warrant. Williams says that he knew he did not have a warrant for his arrest, so he did not get out of the car. Consequently, Pope threatened to break the vehicle window. When Williams did not get out of the vehicle, Pope made good on his promise. Pope broke the car window with his baton, causing the glass to shatter and pieces of glass to fly into the face and body of Williams and his children. Pope then leaned into the car, unlocked the door, dragged Williams out the vehicle, and attempted to place him face down in the shattered glass on the ground. Officer Combs then handcuffed Williams and Pope placed Williams in a patrol vehicle.

Williams says he did not resist either of the officers in any way. Williams further alleges that Defendants Pope and Combs knew that Williams did not commit any action that could be construed as disorderly conduct or obstructing governmental operations. According to Williams, he was simply sitting in his vehicle not bothering anyone when Pope and Combs approached him without a legitimate reason to do so.

Williams now sues the City seeking compensatory damages[1] for false arrest and excessive force. The City moves to dismiss all claims against it under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim against the City upon which relief can be granted. (Doc. 5, p. 1). Specifically, the City argues that Williams' 1983 claims against the City fail because Williams has not pleaded a valid basis for holding it liable under *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978) and its progeny. (Doc. 5, p. 2). As the court will explain below, the City is correct.

---

[1] Williams' complaint also seeks punitive damages for his claims against the City. (Doc. 1, p. 5). In its motion to dismiss, the City argued that any request for punitive damages against the City fails because Williams cannot recover such relief against a municipality under §1983. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). Williams concedes that he cannot recover punitive damages against the City, so he does not oppose dismissal or striking of the punitive damages demand as to the City. (Doc. 11, p. 2). Because Williams concedes on this issue, this memorandum opinion does not further address the issue of punitive damages against the City.

## STANDARD OF REVIEW

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 does not require "detailed factual allegations," but does demand more than "an unadorned, 'the-defendant-unlawfully-harmed-me' accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Id.*

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). At the motion to dismiss stage, the court must accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *See Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010). So the ultimate question is whether Williams' allegations, when accepted as true, "plausibly give rise to an entitlement of relief." *Iqbal*, 556 U.S. at 678.

## DISCUSSION

1. *The law:* The United States Supreme Court has placed limitations on the imposition of municipal liability under section 1983. In *Monell v. Dep't of Social Servs.*, the Supreme Court explained that "a municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under 1983 on a *respondeat superior* theory." 436 U.S. 658, 691-92 (1978). A municipality is liable under section 1983 only if the alleged constitutional violation resulted from a "policy" or "custom" of the municipality. *Id.* at 694. The Eleventh Circuit has elaborated that a municipality may be liable for the actions of its police officer under § 1983 "only when the city's 'official policy' caused the violation." *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998) (quoting *Monell,* 436 U.S. at 658). Put differently, a plaintiff must "identify a municipal 'policy' or 'custom' that caused [his] injury." *Id.* (internal citation omitted).

To survive a motion to dismiss, Williams must have pleaded some facts that allege that the City had a policy, custom, or procedure of making stops and arrests without probable cause, or that the city had a policy or practice of

allowing its officers to use unreasonable force against a compliant citizen. In other words, Williams must identify either (1) an officially promulgated city policy, or (2) an unofficial custom or practice of the city shown through the repeated acts of a final policymaker for the city, that caused his alleged injury. *See Grech v. Clayton Cnty., Ga.,* 335 F.3d 1326, 1329 (11th Cir. 2003). Williams cannot survive a well-supported motion to dismiss by "simply put[ing] forth vague and conclusory allegations alleging the existence of an official policy." *Jaggars v. City of Sheffield, Ala.,* No. 3:14-CV-158-TMP, 2014 WL 2123210, at *5 (N.D. Ala. May 21, 2014). Instead, Williams must define or describe the policy or practice he alleges was in force. *See id.*

  2. *Williams's pleading*: In the "Facts of the Case" section of his complaint, Williams makes no allegation or reference to any specific policy or custom of the City. Williams' only reference to a policy or custom are the last two paragraphs of the complaint which state: "The City has a pattern and practice of allowing its officers to make stops and arrests without probable cause[,]" and "[t]he City has a pattern and practice of allowing its officers to use unreasonable force against a compliant citizen." (Doc. 1, at ¶¶ 46 and 47). Williams also alleges that "The City ratified the officers' actions through inaction." (Doc. 1, at ¶ 45).

  The City argues that Williams' failure to identify a City policy or custom that caused his injury is fatal to his *Monell* claim. (Doc. 6, p. 7). The City further asserts that Williams' ratification theory falls short because each of the alleged ratified acts (the false arrest and use of excessive force) occurred after the alleged unconstitutional conduct. (*Id.,* p. 8).

  In his response to the City's motion to dismiss, Williams argues that his allegations, "although concise, go beyond 'naked assertions' or 'formulaic recitations.'" (Doc. 11, p. 3). He says that "[w]hen viewed in the context of the detailed factual account in ¶¶ 5–24—including the unprovoked use of force and arrest without probable cause—these assertions raise a plausible inference that the City failed to properly supervise or discipline its officers and tolerated unconstitutional behavior." (*Id.*) And Williams adds that he did not identify a written policy, prior incidents, or supporting evidence because he "cannot be expected to possess detailed evidence of internal police department practices without discovery." (*Id.*)

4

3. *Discussion*: The court begins with Williams' argument that the factual context of his claims "raise a plausible inference that the City failed to properly supervise or discipline its officers and tolerated unconstitutional behavior." (Doc. 11, p. 3). As an initial matter, Williams' complaint makes no claim that the City failed to properly supervise or discipline its officers. So the court assumes that Williams intends this argument to support his ratification theory of *Monell* liability. The argument falls short.

As the Eleventh Circuit has explained, "a persistent failure to take disciplinary action against officers can give rise to the inference that a municipality has ratified conduct, thereby establishing an unconstitutional custom that can subject the government to liability. However, when plaintiffs are relying not on a pattern of unconstitutional conduct, but on a single incident, they must demonstrate that local government policymakers had an opportunity to review the subordinate's decision and agreed with both the decision and the decision's basis before a court can hold the government liable on a ratification theory." *Thomas ex rel. Thomas v. Roberts*, 261 F.3d 1160, 1174 n.12 (11th Cir. 2001), vacated on other grounds by, 536 U.S. 953 (2002), and reinstated by, 323 F.3d 950 (11th Cir. 2003).

In this case, Williams' complaint suggests that the City failed to discipline the Officers *after* the alleged constitutional violation. But this single incident does not "demonstrate that [City] policymakers had an opportunity to review the [Officer's] decision and agreed with both the decision and the decision's basis." *Id.* So Williams' ratification theory does not follow the requisite order of operations to impose liability on the City.

Furthermore, Williams' complaint does not allege "a persistent failure to take disciplinary action against [its] officers." (*Id.*) Instead, Williams points to a single incident, and claims that it gives rise to a "plausible inference" that the City has a pattern or practice of allowing its officers to violate the constitution. (Doc. 11, p. 3). However, "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability" against a municipality. *City of Okla. City v. Tuttle*, 471 U.S. 808, 823–24 (1985) (plurality opinion). And simply using the phrase "pattern and practice" without any additional factual allegations, such as "another similar incident, a manual or guideline, or even anecdotal evidence," cannot support a claim for relief.

5

*Jaggars*, 2014 WL 2123210, at *5; *see also Cordell v. Hammock*, No. 6:22-CV-01146-LSC, 2022 WL 17670434, at *3 (N.D. Ala. Dec. 14, 2022). Such "[v]ague and conclusory allegations will not support a claim under § 1983." *Hall v. Smith*, 170 F. App'x 105, 107-108 (11th Cir. 2006).

Finally, the deficiencies of Williams' complaint are not properly resolved through discovery. The United States Supreme Court has held "the doors of discovery" do not unlock "for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79; *see also id.* at 685 (citing *Twombly*, 550 U.S. at 559) ("It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through careful case management"). Rather, discovery follows "the filing of a well-pleaded complaint. It is not a device to enable the plaintiff to make a case when his complaint has failed to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) (quotation omitted).

In sum, Williams' complaint fails to meet the pleading requirements for a section 1983 claim against the City on a *Monell* liability theory. So all Williams' claims against the City are due to be dismissed. Because it is possible Williams could correct these deficiencies, the dismissal is *without* prejudice.

## CONCLUSION

For the reasons explained above, the court **GRANTS** the City's motion to dismiss (doc. 5) and **DISMISSES** Williams' claims against the City **WITHOUT PREJUDICE**. The court will give Williams *one* more opportunity to plead a plausible claim for relief against the City. Should he choose to take this opportunity, Williams has until **February 23, 2026,** to file an amended complaint. If the court has not heard from Williams by that date, the court will convert the order to a dismissal **with prejudice**. The court will enter a separate order consistent with this memorandum opinion.

**DONE** and **ORDERED** on February 3, 2026.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE